ROBERT F. ASH, PROSECUTOR, v. EDWARD BROWN AND TOM MORRIS, PARTNERS, ETC., ET AL., RESPONDENTS.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor of the rule, *Joseph T. Lieblich.*

For the respondents, *Peter Cohn.*

PER CURIAM.

On December 24th, 1934, Edward Brown and Tom Morris, partners trading as "B & M Garage," procured a judgment against Robert Ash in the First District Court of the city of Paterson for certain willful and malicious acts that that defendant had committed to the damage of those plaintiffs. Execution issued on December 27th, 1934, and was, on March 11th, 1934, returned unsatisfied. On March 12th, 1935, an order was signed directing that *capias ad satisfaciendum* issue, and on March 14th, 1935, the *capias* issued accordingly. Ash was arrested and confined for twenty-four hours, where-

upon the judgment was paid, Ash was released and the execution was, on May 8th, 1935, satisfied. There the case rested until October 1st, 1936, when Ash gave notice that on October 8th, 1936, he would move in the District Court to vacate the order of March 12th, 1935, upon the ground that the order, by reason of the filing by plaintiff of a false affidavit, had been inadvertently issued. At the oral argument the moving party undertook to submit a memorandum of law to the District Court judge. When that was done does not appear, but on June 17th, 1938, an order was signed denying the motion. We are now at the return of a rule to show cause why a writ of *certiorari* should not issue to review that denial.

We discover no sound reason why a writ should issue. The judgment itself is not under appeal, and we must assume that it was meritoriously entered. There was, it seems, the beginning of an abortive appeal, and an appeal bond was filed; but it developed that the surety on the bond was worthless, and when the present prosecutor was given the privilege of reinstating his appeal upon condition that he file a new bond he did not avail himself of that offer. The sergeant-at-arms had returned the first execution *nulla bona* before the *capias* was issued. The affidavit of one Goodman, a clerk in the office of Messrs. Cohn & Kohlreiter, attorneys, stated that the affiant had been informed that the debtor was not a freeholder of the county of Passaic and that affiant had verified that information by a search of the county records. The prosecutor now presents his own affidavit and that of another by which it is made to appear that Ash was in fact a freeholder and that the records so showed. Prosecutor at the argument in October, 1936, in the District Court charged and still charges that the *capias* was procured by fraud. But the bare factual contradiction which is before us is not persuasive of fraud, and on a charge of fraud the burden is, of course, upon him who asserts it. Untruthfulness, alone, is not fraud. In so far as concerns the suit in which the *capias* was issued the question is now academic. The judgment was long since paid and satisfied. The actuating motive for the awakened interest

in the *capias* seems to be a law suit which the prosecutor has instituted against the attorney for the judgment debtor, and others, which in one of its phases was considered by the Court of Errors and Appeals and reported in 119 *N. J. L.* 54, under the title of *Ash* v. *Cohn,* and in which prosecutor fears he may be prejudiced by the record as it now is in the District Court. But the instant matter must be disposed of upon its own merits and with regard to its own phases and not because of the influence which it may have upon another litigation. When the arrest was made prosecutor pursued none of the remedies then conveniently at hand. Instead he permitted his family and friends, by cash and promissory note, to pay the judgment and to secure his release, and then he rested inactive and voiceless for a year and a half after his allegedly unlawful arrest before he attacked, in the cause, the procedure by which that arrest was accomplished. We consider that that delay was *laches,* and we are not disposed to review the decision of the trial court which, under the circumstances, we think was discretionary, in refusing, upon the proofs presented and upon the *status* in which the case then was, to reverse its own order.

The application for a writ will be denied, and the rule to show cause will be dismissed, with costs.